JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x  08 CV 1880
JANNELL R. BUCKLEY,                                            08 CV      ( )

                  Plaintiff,                       **COMPLAINT**

      -against-                                 **ECF CASE**

LIBERTY HEALTH ADVANTAGE, INC.,                     PLAINTIFF DEMANDS
                                                    A TRIAL BY JURY
                  Defendant.
------------------------------------------------------------x

        Plaintiff, Jannell R. Buckley (hereinafter, "Plaintiff"), by and through her attorneys, Beckman & Kaufman, LLP, as and for her Complaint as against Defendant, Liberty Health Advantage, Inc. ("Defendant"), alleges, upon information and belief, as follows:

### NATURE OF ACTION

        1.    This proceeding seeks damages for Defendant's abrupt termination of Plaintiff from her employment by Defendant in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (the "ADA"), the Family and Medical Leave Act of 1992, 29 U.S.C. § 2601 et seq. (the "FMLA"), the New York State Human Rights Law, New York Executive Law §296 et seq. (the "Executive Law") and the Administrative Code of the City of New York § 8-107 et seq. (the "Administrative Code").

        2.    In short, Plaintiff's termination was based upon her complaints of back pain, caused by an injury she sustained while working for Defendant, and occurred as a result of Plaintiff seeking time off to visit her physician concerning her physical disabilities stemming from this work-related accident.

        3.    As set forth in detail below, there was no reasonable basis for Plaintiff's termination, but rather, it was a pretext for unlawful discrimination and retaliation. Accordingly,

Plaintiff seeks compensatory and punitive damages and other appropriate legal and equitable relief pursuant to the ADA, the FMLA, the Executive Law and the Administrative Code.

## THE PARTIES

4. Plaintiff is a citizen of the United States, residing in Bronx, New York.

5. Plaintiff began her employment with Defendant as a Member Service Operations Manager in or about June 2006. At all relevant times, Plaintiff met the definition of an "employee" of Defendant under all applicable statutes.

6. Defendant is a Business Corporation organized under and pursuant to the laws of the State of New York, with its principal place of business located at 500 Seventh Avenue, New York, New York 10018. At all relevant times Defendant met the definition of "employer" under all relevant statutes.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of plaintiff's civil rights under the ADA, 42 U.S.C. § 12101 et seq. and the FMLA, 29 U.S.C. § 2601 et seq. The Court additionally has supplemental jurisdiction over the Executive Law and the Administrative Code claims pursuant to 28 U.S.C. § 1367.

8. As the Southern District of the State of New York is the District where a substantial part of the events giving rise to the claim occurred, venue is proper within this District pursuant to 28 U.S.C. § 1391(a)(2).

## ADMINISTRATIVE PROCEDURES

9. Plaintiff filed a charge of discrimination against Defendants with the filing of a verified complaint with the City of New York Commission on Human Rights ("NYCCHR").

The NYCCHR, pursuant to its work-share agreement with the United States Equal Employment Opportunity Commission ("EEOC"), dual filed the charge with the EEOC. Plaintiff's charge alleges, *inter alia*, violations of the ADA, 42 U.S.C. § 12101 et seq. and the FMLA, 29 U.S.C. § 2601 et seq. The charge arises out of the same facts alleged herein.

10. After more than 180 days had elapsed since the charges were dual filed, Plaintiff contacted the NYCCHR and requested that it dismiss her previously filed charge on the grounds of administrative convenience. On February 13, 2008, the NYCCHR issued a Notice of Administrative Closure. A copy of the NYCCHR's Notice of Administrative Closure is annexed hereto as **Exhibit A**.

11. After more than 180 days had elapsed since the charges were filed, Plaintiff contacted the EEOC and requested a notice of right to sue. On November 29, 2007, the EEOC issued a notice of right to sue. A copy of the EEOC's notice of right to sue is annexed hereto as **Exhibit B**.

12. Plaintiff has the right to institute this action within ninety (90) days of the receipt of her notice of right to sue.

13. Plaintiff has filed this action within ninety (90) days of the receipt of her notice of right to sue.

14. Pursuant to § 8-502(c) of the City Law, prior to the filing of this Complaint, Plaintiff has served a copy of this Complaint on the NYCCHR and the Corporation Counsel of the City of New York.

15. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

A.   Plaintiff's Background and Employment with the Defendant

   16.   Plaintiff is a 48-year-old female who has worked her entire adult life in the healthcare industry.

   17.   Specifically, Plaintiff has worked in the managed care industry for ten (10) years.

   18.   Plaintiff completed her undergraduate studies and received a Maters Degree in 1998, where she completed a thesis entitled "The Medicaid Managed Care Education and Training Project."

   19.   Plaintiff has been employed in roles such as a Member Service Representative and Managed Care Coordinator, Services Complaints Specialist and Provider Relations Representative.

   20.   Plaintiff has acted as a classroom instructor teaching individuals medical administrative skills in a healthcare context.

   21.   Plaintiff has worked with community-based organizations in developing Medicaid Managed Care training programs for Medicaid members.

   22.   In or about June 2006, Plaintiff was hired by the Defendant as a Member Service Operations Manager and was continuously employed as a Member Service Operations Manager by the Defendant until her termination on September 11, 2006.

   23.   From June 2006 until the August 10, 2006 injury discussed below, Plaintiff's employment with the Defendant was unremarkable and proceeded without incident.

B.    <u>Plaintiff's August 10, 2006 Injury</u>

24.    In August 2006, Defendant prepared a mass mailing of membership materials to its new members.

25.    As a part of the preparation for the mass mailing, Plaintiff was required to move large, heavy boxes containing the new member packages.

26.    On August 10, 2006, as part of this mass mailing preparation, Plaintiff injured her back moving boxes containing the new member packages.

27.    Plaintiff immediately advised her supervisor, Peg Blake ("Blake"), that she had injured her back while moving boxes containing the new member packages.

28.    As a result of the incident, Plaintiff visited her physician and was out work until or about June 13, 2006.

29.    Upon her return to work, on or about August 13, 2006, Plaintiff continued to experience severe back pain and advised Blake of her physical disabilities stemming from the work-related incident.

30.    Thereafter, on or about August 18, 2006, in the presence of Defendant's Director for Provider Relations, Margaret Bogart ("Bogart"), Plaintiff again advised Blake of her physical disabilities stemming from the work-related incident and requested family and medical leave to go back to her physician to obtain additional medical attention.

31.    Plaintiff also advised Lorilyn Menzel of Defendant's Director of Legal Services ("Menzel") on at least two (2) occasions, via e-mail correspondence and telephone that she had injured her back during the mass mailing preparation, that she was experiencing physical disabilities stemming from the work-related incident and requested family and medical leave to return to her physician to obtain additional medical attention.

32. As per her notice to Blake, Bogart and Menzel, the principals of Defendant were aware of Plaintiff's physical disabilities and request for family and medical leave to visit her physician.

C. <u>Plaintiff's September 11, 2006 Termination</u>

33. After her final request for family and medical leave to visit her physician, on September 11, 2006, Plaintiff was suddenly terminated by Menzel verbally and received a letter from Defendant's President, Kerri McDonald, terminating her employment.

34. Plaintiff has been unable to secure new employment after her termination from Defendant.

35. Defendant's actions have deprived Plaintiff of income and benefits due to her.

36. Based upon the foregoing, Plaintiff has suffered and will continue to suffer irreparable injury.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

### (Discrimination Under the ADA)

37. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 36 above with the same force and effect as if fully set forth herein.

38. By the acts and practices described above, including but not limited to terminating Plaintiff because of her physical disabilities stemming from the work-related incident and request for family and medical leave to visit her physician, Defendant discriminated against Plaintiff in the terms and conditions of her employment in violation of the ADA.

39. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts.

40. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's federally protected rights.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

### (Discrimination Under the FMLA)

41. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 40 above with the same force and effect as if fully set forth herein.

42. By the acts and practices described above, including but not limited to terminating Plaintiff because of her physical disabilities stemming from the work-related incident and request for family and medical leave to visit her physician, Defendant discriminated against Plaintiff in the terms and conditions of her employment in violation of the FMLA.

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts.

44. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's federally protected rights.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

### (Discrimination Under the Executive Law)

45. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 44 above with the same force and effect as if fully set forth herein.

46. By the acts and practices described above, including but not limited to terminating Plaintiff based upon her physical disabilities stemming from the work-related incident and request for family and medical leave to visit her physician, Defendant discriminated against Plaintiff in the terms and conditions of her employment in violation of the Executive Law.

47. Defendant is liable as Plaintiff's "employer" pursuant to the Executive Law.

48. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory acts.

49. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's statutory rights.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

### (Discrimination Under the Administrative Code)

50. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 49 above with the same force and effect as if fully set forth herein.

51. By the acts and practices described above, including but limited to terminating Plaintiff based upon her physical disabilities stemming from the work-related incident and request for family and medical leave to visit her physician, Defendant discriminated against Plaintiff in the terms and conditions of her employment in violation of the Administrative Code.

52. Defendant is liable as Plaintiff's "employer" pursuant to the Executive Law.

53. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory acts.

54. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's statutory rights.

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

### (Retaliation)

55. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 54 above with the same force and effect as if fully set forth herein.

56. By the acts and practices described above, including but not limited to, terminating Plaintiff because of her request for family medical leave to visit her physician, Defendants retaliated against Plaintiff in the terms and conditions of her employment for making a lawful request, in violation of the ADA, the FMLA, the Executive Law and the Administrative Code.

57. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts.

58. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an award:

(a) of damages in an amount to be determined at trial, but no less than $3,000,000.00, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

(b) of punitive damages as provided by the ADA and the Administrative Code in an amount to be determined at trial, but no less than $3,000,000.00;

(c) awarding Plaintiff such interest as is allowed by law;

(d) awarding Plaintiff her reasonable attorneys' fees and costs; and

(e) granting such other and further relief as the Court deems just, proper and necessary.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in this action.

Dated: Roslyn Heights, New York
      February 25, 2008

                                                  **BEEKMAN & KAUFMAN, LLP**
                                                  *Attorneys for Plaintiff*

By: _____
            Jonathan D. Beekman (JB 0642)
            99 Powerhouse Road, Suite 209
            Roslyn Heights, New York 11577
            (516) 284-7350 (t)
            (516) 908/4566 (f)

**EXHIBIT A**

CITY OF NEW YORK  
COMMISSION ON HUMAN RIGHTS

Complaint No:  
M-E-D-07-1018890-D  
Federal No. 16F-2007-00055C

In the Matter of the Complaint of

Jannell R. Buckley,

Complainant,

- against -

LIBERTY HEALTH ADVANTAGE, LORILYN ROSALES-MENZEL, PEG BLAKE,

Respondent

Notice of  
Administrative  
Closure

The above-captioned case is hereby administratively closed pursuant to Section 8-113(a)(5) of the Administrative Code of the City of New York on the following grounds:

Prosecution of the Complaint will not serve the public interest. Complainant has filed an action in federal District Court with respect to the same grievance which is the subject of the instant Complaint.

**PLEASE TAKE NOTICE** that pursuant to Rule 1-22(f) of the Rules of Practice of the New York City Commission on Human Rights a complainant or respondent may apply in writing to the Commission for the reopening of this case. Such application must be made within thirty days of service of this order and must be upon notice to all parties to the complaint. Address any request for reopening to Office of Docketing, New York City Commission on Human Rights, 40 Rector Street, 9th Floor, New York, NY 10006.

Dated: New York, New York  
February 13, 2008

Carlos Velez  
Executive Director  
Law Enforcement Bureau  
New York City Commission on Human Rights

NOTICE TO:

Jannell R. Buckley
65 West 192 Street, 5B
Bronx, NY 10468

Lorilyn Rosales-Menzel, Esq.
Director of Legal Services
Liberty Health Advantage
500 Seventh Ave.
New York, NY 10018

Jonathan D. Beekman, Esq.
99 Powerhouse Road, Suite 209
Roslyn Heights, New York 11577
New York, NY

**EXHIBIT B**

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Buckley R. Jannell<br>65 West 192 Street #5b<br>Bronx, NY 10468 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16F-2007-00055 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_Spencer H. Lewis, Jr._,
Director

NOV 29 2007
(Date Mailed)

cc: **LIBERTY HEALTH ADVANTAGE**
500 Seventh Avenue, 18th Floor
New York, NY 10018
Attn: Human Resources Director

Jonathan D. Beekman, Esq.
Beekman & Kaufman, LLP
Attorneys at Law
99 Powerhouse Road, Suite 209
Roslyn Heights, NY 11577

cc: Ayec H.C.